**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-13-CR-291 LY** |
| | § | |
| **OSMAR JAVIER AXUME-SANTOS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to

28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges.  The Court conducted a hearing on November 13,

2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition

seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On, August 29, 2013, Judge Yeakel sentenced the Defendant to time served, followed by one

year of supervised release, for illegal reentry after deportation, in violation of 8 U.S.C. § 1326.  After

the sentencing hearing, the Defendant was released into the custody of the Immigratio n and Customs

Enforcement officers, and removed from the United States.  On September 30, 2013, the Defendant

was apprehended near Laredo, Texas, by Border Patrol officers.  He was charged in the Southern

District of Texas with a violation of 8 U.S.C. § 1325, and on October 2, 2013, he pled guilty to that

offense and was sentenced to 180 days in prison.  Based on his reentry and new offense, the

Probation Office submitted its petition alleging that the Defendant violated his conditions by

committing a new offense, and by illegally reentering the U.S.  Judge Lane authorized the issuance of a warrant on October 8, 2013.  On October 17, 2013, the Defendant was transferred to this district's custody on that warrant.

On November 13, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the petition.

## II.  FINDINGS OF THE COURT

1.    The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.    The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.    The Defendant received a copy of the Petition naming him, and he read it.

4.    The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.    The Defendant waived his preliminary hearing.

6.    The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.    The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.    The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.      The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11.      The Defendant violated conditions of his supervised release by committing a new offense, and by reentering the United States without permission.

## III.      RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 4 months of imprisonment, with no supervised release to follow, said sentence to run consecutive to the sentence imposed by the Southern District of Texas, in Case No. 5:13-po-13465.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of November, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE